AMERICAN BANKER'S INSURANCE COMPANY OF FLORIDA and Universal Aviation Underwriters, Inc., Plaintiffs,

v.

COLORADO FLYING ACADEMY, INC., and Robert D. Rosenbalm, Defendants.

Civ. A. No. 81–K–1489.

United States District Court,
D. Colorado.

Jan. 12, 1982.

Diane Murley, Hamilton & Hill, Denver, Colo., for plaintiffs.

Richard R. Eyler, Conklin & Adler, Thomas J. Byrne, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case arises from the crash on August 22, 1975 of an airplane that was leased by defendant Colorado Flying Academy and operated (as an instructor) by defendant Rosenbalm. Plaintiffs allege that they became subrogated to the rights of the owner of the plane that arise from the accident when they paid under an insurance policy. They now seek as damages the amount that they paid under the policy. This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

Defendant Colorado Flying Academy moved to dismiss, and alternatively for summary judgment, on October 7, 1981. Defendant Rosenbalm moved to dismiss, and alternatively for summary judgment,

on October 30, 1981. Plaintiffs then filed an amended complaint, adding plaintiff American Banker's Insurance, on November 17, 1981. Both defendants then jointly moved to dismiss the amended complaint on November 25, 1981, incorporating the grounds stated in their previous motions. Although that motion contained an alternative motion for summary judgment, I later granted defendants' motion to withdraw that motion without prejudice so that defendants could engage in further discovery before refiling it. Only the motion to dismiss is therefore ripe for determination at this time. That motion contains three different grounds:

a) The complaint of plaintiff American Banker's Insurance should be dismissed because of the six-year statute of limitations, C.R.S. § 13–80–110;

b) The complaint of plaintiff Universal Aviation Underwriters should be dismissed because of its failure to obtain a certificate of authority to transact business in Colorado. C.R.S. § 7–9–103; and,

c) The complaint should be dismissed because both plaintiffs waived their rights of subrogation and there is therefore no real party in interest.

F.R.Civ.P. 12(b) provides, in relevant part:

> If, on a motion [to dismiss for failure to state a claim], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Because the defendants here have specifically withdrawn their motion for summary judgment, I will not treat the present motion as one for summary judgment. I therefore will not consider any material outside of the pleading in ruling on the motion to dismiss. I now deny the motion to dismiss on all three grounds.

## A. STATUTE OF LIMITATIONS

Although the matter is not elaborated in the briefs, the parties apparently agree that the six-year statute of limitations, C.R.S. § 13–80–110, governs this action. The original complaint was filed within six years after the airplane crash. The amended complaint, however, was not filed within six years after the crash. Defendants argue that plaintiff American Banker's Insurance, which was first included as a party in the amended complaint, should therefore be barred from participating in this action because of the statute of limitations.

F.R.Civ.P. 15(c) provides, in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back, if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Advisory Committee's Comment to Rule 15(c) provides, in relevant part:

> The relation back of amendment changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

In the present case the amended complaint contains almost identical allegations as the original complaint. The only material difference is that a new party has been added as an additional plaintiff. The plaintiffs are not seeking any additional damages. There is no indication that defendants will

be prejudiced by the lack of earlier notice of the addition of another plaintiff. Under these circumstances, I conclude that the date of the amended complaint should relate back to the date of the original complaint. See C. Wright & A. Miller, *Federal Practice and Procedure*, § 1501 (1971).

■ I note in passing that considerations under the doctrine enunciated in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), do not lead to a contrary result. First, there is no indication that Colorado law would dictate a different result here. Second, even if Colorado law did dictate a contrary result, this is a question of federal procedure that is not controlled by Colorado law. In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the court considered a "direct collision" between a federal rule and the law of the relevant state. See *id.* at 472, 85 S.Ct. at 1144. Although the court noted that a lower federal court "need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts," it also noted that,

> To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.

*Id.* at 473–74, 85 S.Ct. at 1145 (citations omitted). More recently, in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the court considered F.R.Civ.P. 3, which states, "A civil action is commenced by filing a complaint with the court," and held that it does not affect state statutes of limitations in diversity cases. *Id.* at 750–51, 100 S.Ct. at 1985. The court noted that the state statute and F.R.Civ.P. 3 could exist "side by side," and because there was no direct conflict, the *Hanna* analysis did not apply. *Id.* at 752, 100 S.Ct. at 1986.

I conclude that *Walker* is not applicable to the present case. This is not a case that would have been barred in Colorado state courts when it was originally filed in federal court. *Cf. id.* at 753, 100 S.Ct. at 1986. On the other hand, a clear reading of F.R. Civ.P. 15(c) would directly collide with a contrary state rule, if one in fact exists. I therefore conclude that I must follow F.R. Civ.P. 15(c), even if there is a contrary state rule. See C. Wright & A. Miller, § 1503.

## B. FAILURE TO OBTAIN A CERTIFICATE OF AUTHORITY

■ C.R.S. § 7–9–103(1) provides:

> No foreign corporation transacting business in this state without a certificate of authority nor anyone in its behalf shall be permitted to maintain any action, suit, or proceeding in any court of this state until such corporation has obtained a certificate of authority.

Although neither party addresses the issue, I conclude that this statute should apply to diversity cases filed in this court. See *Walker v. Armco Steel Corp.*, 446 U.S. at 753, 100 S.Ct. at 1986. There are still some unresolved factual issues that must be resolved before I can determine if this provision dictates dismissal of plaintiff Universal Aviation Underwriters here. First, I must determine whether Universal Aviation does or does not have the proper certificate of authority. Second, I must determine whether its business was "sufficiently intrastate" to bring it within the scope of C.R.S. § 7–9–103(1). See *Cement Asbestos Products Co. v. Hartford Accident and Indemnity Co.*, 592 F.2d 1144, 1146 (10th Cir. 1979). Because it will be necessary to consider matters outside of the complaint to determine these issues, I must deny the motion to dismiss on this ground.[1]

## C. WAIVER OF RIGHTS OF SUBROGATION

■ Defendants also assert that the complaint of both plaintiffs should be dismissed because they waived their subrogation rights when executing the insurance agreement. In support of this motion, the defendants rely upon the insurance agreement, which is not part of the complaint.

1. Even if plaintiff Universal Aviation must be    dismissed under this provision, the action may

Because I cannot consider matters outside of the pleadings when ruling on a motion to dismiss, I cannot consider this argument at this time.

IT IS ORDERED that defendant Colorado Flying Academy's motion to dismiss or in the alternative for summary judgment, filed on October 7, 1981, is vacated as moot. It is further

ORDERED that defendant Rosenbalm's motion to dismiss or in the alternative for summary judgment, filed on October 30, 1981, is vacated as moot. It is further

ORDERED that defendant's motion to dismiss, filed on November 25, 1981, is denied. It is further

ORDERED that defendants shall answer the amended complaint within 10 days of the date of this order.

still be able to proceed for American Banker's Insurance. The fact that it first filed after the six-year period had run is not material here if it can demonstrate that it is a real party in interest. See F.R.Civ.P. 17(a).