**Robert DILLINGHAM,
Plaintiff-Appellant,**

v.

**The GREELEY PUBLISHING COMPA-
NY, d/b/a Greeley Daily Tribune,
Defendant-Appellee.**

**No. 81CA1289.**

Colorado Court of Appeals,
Div. III.

Oct. 21, 1983.

As Modified on Denial of Rehearing
Nov. 12, 1982.

Certiorari Granted April 18, 1983.

Shade, Doyle, Klein, Otis, Shaha & Frey, Henry C. Frey, Denver, for plaintiff-appellant.

Houtchens, Houtchens & Daniel, Kim R. Houtchens, Greeley, for defendant-appellee.

· PIERCE, Judge.

This is an appeal from a trial court order granting Greeley Publishing Company's motion to dismiss in which the court ruled the statute of limitations governing libel actions barred plaintiff Robert Dillingham's claim for relief. We affirm.

On March 27, 1981, Dillingham filed a complaint alleging the "Tribune-Republican Publishing Company, a Colorado corporation, doing business as the Greeley Tribune" had libelled him through statements printed in the Tribune on March 28, 1980. On April 22, 1981, the summons, a copy of the complaint, and a set of interrogatories were served upon one Richard Larson who is described on the return as "publisher and agent for the defendant".

It is admitted that the "Tribune-Republican Publishing Company" had been dissolved prior to 1978 and that the correct name of the owner of the newspaper on the date of the alleged libel was the "Greeley Publishing Company, d/b/a The Greeley Daily Tribune."

In September 1981, the trial court determined that defendant named in the summons and complaint was a non-entity and granted Dillingham's C.R.C.P. 15(c) motion for correction of misnomers in the plead-

ings, specifically, the corporate name of the defendant. The court, however, also ruled that the amendments would not relate back to the filing date of the original complaint because Dillingham had failed to give notice of the institution of the action to the Greeley Publishing Company during the one-year period specified in § 13–80–102, C.R.S.1973, for the initiation of a libel action. In November of 1981, the court granted Greeley Publishing Company's motion to dismiss on the ground the statute of limitations barred Dillingham's claim for relief.

The sole issue before us is whether the claim for relief in this action is saved from the bar of the statute of limitations by virtue of the relation-back doctrine within C.R.C.P. 15(c). We hold it is not.

The one-year statutory period for the initiation of a libel action begins to run on the date the alleged libel occurred. Section 13–80–102, C.R.S.1973; *Even v. Longmont United Hospital Assn.*, 629 P.2d 1100 (Colo. App.1981). Thus, the statutory period ended almost a month before service of the summons in this action.

That portion of C.R.C.P. 15(c) which allows amendments to pleadings which reflect a change in or correction of misnamed parties to an action to relate back to the filing date of the original filing has three requirements. First, the amendment must arise out of the same transaction or conduct set forth in the original pleadings. Second, the party misnamed or to be added or substituted for another must have received notice of institution of the lawsuit within the period allowed for commencement of the action sufficient to negate prejudice to it as it maintains its defense on the merits. Third, the substituted party must have known or should have known that suit would have been brought against it were it not for a mistake concerning the identity of the proper party. C.R.C.P. 15(c); *Spiker v. Hoogeboom*, 628 P.2d 177 (Colo.App.1981). The second requirement was not met here.

Although there were negotiations between the parties before the statute of limitations had run, there is no showing in the record that the Greeley Publishing Company had any notice that the lawsuit had been filed prior to the running of the statute. This necessary notice to an entity sought to be made a party to a lawsuit by amendment under C.R.C.P. 15(c) must be accomplished prior to the running of the statute. *McClanahan v. American Gilsonite Co.*, 494 F.Supp. 1334 (D.Colo.1980); *see Spiker v. Hoogeboom, supra.* This was a threshold requirement before any question of relation-back could be considered or granted. Here it is undisputed that notice of the lawsuit was not received until service on Larson twenty-five days after the statute had run.

The other arguments asserted by Dillingham pertaining to the equities which might toll the statute or concerning the third requirement of C.R.C.P. 15(c) all depend on notice prior to the running of the statute and thus, are moot.

The judgment is affirmed.

KELLY and KIRSHBAUM, JJ., concur.