**Robert DILLINGHAM, Petitioner,**

v.

**GREELEY PUBLISHING COMPANY d/b/a Greeley Daily Tribune, Respondent.**

**No. 82SC411.**

Supreme Court of Colorado, En Banc.

May 28, 1985.
Rehearing Denied June 24, 1985.

Shade, Doyle, Klein, Otis, Shaha and Frey, Henry Frey, Greeley, for petitioner.

Houtchens, Houtchens & Daniel, Kim R. Houtchens, Greeley, for respondent.

ROVIRA, Justice.

We granted certiorari to review an opinion of the court of appeals, *Dillingham v. Greeley Publishing Co.*, 661 P.2d 700 (Colo.App.1982), which held that an entity sought to be made a party to a lawsuit by an amended complaint under C.R.C.P. 15(c) must receive notice of the institution of the action prior to the expiration of the statute of limitations before such amendment can relate back to the filing date of the original complaint. We reverse.

I.

On March 27, 1981, three days before the one-year limitations period for a libel action expired,[1] the petitioner, Robert Dillingham, filed a complaint in the Weld County District Court alleging that the "Tribune-Republican Publishing Company, a Colorado Corporation doing business as the Greeley Tribune," had libeled him in a March 28, 1980, article. On April 22, 1981, a summons, a copy of the complaint, and a set of interrogatories were served upon Richard Larsen as "publisher and agent for the Defendant ... at his place of employment, The Greeley Tribune." The Tribune-Republican Publishing Company filed a motion for summary judgment stating that the Tribune-Republican Publishing Company had

---

**1.** Section 13–80–102, 6 C.R.S. (1973), the statute of limitations for libel actions, provides:

All actions for assault and battery, false imprisonment, slander, and libel shall be commenced within one year after the cause of action accrues, and not afterwards.

The cause of action accrued on March 28, 1980, the date the alleged libel occurred. *Spears Free Clinic & Hospital for Poor Children v. Maier,* 128 Colo. 263, 261 P.2d 489 (1953). However, the one-year statute of limitations did not expire until March 30, 1981, because March 28, 1981, was a Saturday. *See* C.R.C.P. 6(a).

been dissolved and had ceased doing business as the Greeley Daily Tribune before the allegedly libelous article was printed. Affidavits filed in support of the motion established that the Greeley Publishing Company, a Nevada corporation, was the owner of the newspaper on the date of the alleged libel.

Pursuant to C.R.C.P. 15, the petitioner moved to amend the pleadings on September 8, 1981, "to correct a misnomer of the corporate name" of the Tribune-Republican Publishing Company to read: "The Greeley Publishing Company d/b/a, The Greeley Daily Tribune." The trial court granted the Tribune-Republican Publishing Company's motion for summary judgment. It also granted petitioner's motion to amend, but found that the amendment did not relate back to the filing date of the original complaint under C.R.C.P. 15(c) because Greeley Publishing Company did not receive notice of the institution of the action before the expiration of the statute of limitations. In this regard, C.R.C.P. 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against him, the party to be brought in by amendment: (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (emphasis added).

The trial court thus equated the phrase "within the period provided by law for commencing the action" with the period allowed by the applicable statute of limitations.

Earlier contact between the parties within the limitations period was found by the trial court not to constitute notice of the institution of the action. This contact included a published retraction which appeared in the Greeley Daily Tribune shortly after the petitioner questioned the publication of the alleged libelous statement. Further, petitioner and representatives of the Greeley Publishing Company participated in a settlement conference one day before the complaint was filed. In short, although the respondent was aware of a potential claim, the trial court found that it had no notice that a lawsuit had been filed prior to the running of the statute. The respondent was found to have received notice only the day after the limitations period had expired, when one of its news reporters examined the case file at the courthouse during the course of his duties.

Since the amended complaint was found not to relate back, it only became operative as of the date of its filing, September 8, 1981, well beyond the expiration of the limitations period. The trial court then entered an order granting the respondent's motion to dismiss.

The court of appeals affirmed. It also determined that the respondent did not receive notice of the lawsuit until after the limitations period had expired.[2] It held that "notice to an entity sought to be made a party to a lawsuit by amendment under C.R.C.P. 15(c) must be accomplished prior to the running of the statute [of limitations]." *Dillingham*, 661 P.2d at 701.

Petitioner objects to this interpretation of C.R.C.P. 15(c). He contends that the

---

**2.** The court of appeals found that the respondent did not receive notice until twenty-two days after the expiration of the limitations period when the publisher Larsen was served with the original pleadings. Although this finding is at odds with the trial court's finding that the respondent received notice one day after the limitations period, this difference does not affect the resolution of this case. Both courts relied on the fact that the respondent did not receive notice of the filing of the lawsuit within the limitations period to bar the petitioner's amended complaint from relating back to the filing date of the original complaint.

phrase "within the period provided by law for commencing the action" does not require that the substituted party receive notice within the statute of limitations, but allows for relation back where the original complaint was timely filed and the substituted party receives notice within the reasonable time for service of process. Respondent argues that it was entitled to notice within the statute of limitations and asks that we affirm.[3]

## II.

Before holding that C.R.C.P. 15(c) required notice within the limitations period in this case, the court of appeals had last applied the rule in a case where the defendants had received actual notice that a lawsuit had been filed before the statute of limitations had run. *Spiker v. Hoogeboom*, 628 P.2d 177 (Colo.App.1981).[4] In *Spiker*, the plaintiffs initially filed a complaint against a corporate defendant and served process on its president within the limitations period. After the statute of limitations had run, the plaintiff discovered that an earlier partnership, of which the corporation's president was a partner, not the successor corporation which was served

process, was the proper defendant. The plaintiff's motion to substitute the individual partners for the corporate defendant was granted. However, the trial court granted the partners' motion for summary judgment and dismissed the action, determining that the plaintiff's failure to substitute the individual partners for the corporation within the applicable limitations period precluded relation back under C.R.C.P. 15(c). The court of appeals reversed. Paraphrasing the rule, it held that before relation back could be achieved, C.R.C.P. 15(c) prescribed the following:

> (1) the amended complaint must arise out of the same transaction or conduct set forth in the original proceeding; (2) the substituted party must receive such notice of the action within the period allowed by the applicable statute of limitations that he would not suffer prejudice; and (3) the substituted party knew or should have known that the action would have been brought against him if the plaintiff had not made a mistake concerning the identity of the proper party.

628 P.2d at 178.[5] The court of appeals then found that the partnership and the

---

**3.** Greeley Publishing Company also argues that the amendment to Dillingham's complaint cannot be characterized as correcting a "misnomer" of the corporate defendant as Dillingham asserted in his motion to amend, but rather was an amendment which changed the party against whom his complaint charged. Greeley Publishing's second argument is directed at those cases which have held that mere "misnomers" can be corrected under the first sentence of subsection 15(c) and need not meet the timing and notice requirements set out in the second sentence for "changing the party." *See, e.g., Graves v. General Insurance Corp.*, 412 F.2d 583 (10th Cir.1969); *Wentz v. Alberto Culver Co.*, 294 F.Supp. 1327 (D.Mont.1969); *Armijo v. Welmaker*, 58 F.R.D. 553 (D.Ariz.1973). *Cf. Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir.1973) (substitution of parties); *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103 (10th Cir.1967) ·(misnomer). We need not decide whether the amended complaint is properly characterized as correcting a "misnomer" or "changing the party" because Dillingham has argued here that all of the timing and notice requirements of the second sentence of C.R.C.P. 15(c) were met. We note, however, that when the identical provision of the federal rule, Fed.

R.Civ.P. 15(c), was amended in 1966 by the addition of the second sentence, it was "amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading." Fed.R.Civ.P. 15(c), Notes of Advisory Committee on Civil Rules, *reprinted in*, 39 F.R.D. 82 (1966).

**4.** *Spiker* expressly distinguished itself from those cases where the original party was served after the running of the statute of limitations. 628 P.2d at 179.

**5.** The court of appeals also found in *Spiker* that the defendants misled the plaintiffs into thinking that the corporation was the proper party by admitting in their answer that the corporation had performed those acts giving rise to the cause of action. It held that if the originally named defendant or the party sought to be added either knowingly allows the plaintiff to think he has sued the proper party or actually misleads him as to the identity of the party that should be held responsible, the new defendant will be estopped from asserting a statute of limitations defense. 628 P.2d at 179.

corporation, as past and present forms of the same enterprise, had sufficient "identity of interest" that service on the corporation within the limitations period constituted such notice to the partnership that the individual partners would not suffer prejudice. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1499 at 517 (1971) (identity of interest means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other).

In the instant case, Dillingham filed his original complaint within the limitations period, but did not serve the Greeley Daily Tribune's publisher, Larsen, until after the statute had run. In addition, the Greeley Daily Tribune reporter who examined the court files did not discover that the lawsuit had been filed until one day after the expiration of the limitations period. Therefore, unlike the defendants substituted in *Spiker*, the Greeley Publishing Company was found not to have had any notice of the institution of the action until after the statute had run. Relying on its interpretation of C.R.C.P. 15(c) in *Spiker*, the court of appeals found this fact barred the amendment from relating back to the filing date of the original complaint, and concluded that notice must be accomplished prior to the running of the statute.

In so holding, the court of appeals joined those federal courts interpreting the identical federal rule,[6] including the tenth circuit, which have held that the language "within the period provided by law for commencing the action" specified in 15(c) refers to the applicable statute of limitations. *Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir. 1973); *McClanahan v. American Gilsonite Co.*, 494 F.Supp. 1334 (D.Colo.1980). *See also Cooper v. United States Postal Service*, 740 F.2d 714 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Ringrose v. Engelburg Huller Co.*, 692 F.2d 403 (6th Cir.1982); *Simmons v. Fenton*, 480 F.2d 133 (7th Cir.1973). Subsequent to *Dillingham*, this

literal approach, which requires the substituted defendant to receive actual notice before the expiration of the limitations period, even where the filing of the complaint tolls the statute, has been followed in *Marriott v. Goldstein*, 662 P.2d 496 (Colo.App. 1983), and in *Medina v. Schmutz Manufacturing Co.*, 677 P.2d 953 (Colo.App.1983). The court of appeals has not addressed decisions by other federal courts which have held that the period in which notice must be received under 15(c) includes the reasonable time allowed under the federal rules or applicable state law for service of process. *Ingram v. Kumar*, 585 F.2d 566 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980); *Dutka v. Southern Railway Co.*, 92 F.R.D. 375 (N.D.Ga.1981); *Swann Oil, Inc. v. M/S Vassilis*, 91 F.R.D. 267 (E.D.N.C.1981); *Clark v. Southern Railway Co.*, 87 F.R.D. 356 (N.D.Ill.1980). *See also Hedlund v. Holmes Tuttle Broadway Ford, Inc.*, 130 Ariz. 237, 635 P.2d 525 (Ariz.App.1981); *Waybrant v. Clackamas County*, 54 Or. App. 740, 635 P.2d 1365 (1981).

■ We are persuaded by the Second Circuit's reasoning in *Ingram v. Kumar*, 585 F.2d 566 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), where it held that the rule 15(c) requirement that notice be received "within the period provided by law for commencing the action" includes the reasonable time allowed for service of process. There, the court stated:

Although on its face the phrase, 'within the period provided by law for commencing the action against him,' seems to mean the applicable statute of limitations period, such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run. In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action

---

**6.** C.R.C.P. 15 is substantially identical to Fed.R. Civ.P. 15.

against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly.

585 F.2d at 571 (footnote omitted). We agree that such a result is anomalous and is not required by the rule. Greeley Publishing Company should not be given an advantage it would not have received had it been named correctly in the original complaint. Colorado is among those jurisdictions where timely service of process can be effected after the statute of limitations has run. *See* C.R.C.P. 3; C.R.C.P. 4. *See also Mascitelli v. Giuliano & Sons Coal Co.*, 157 Colo. 240, 402 P.2d 192 (1965) (generally, filing of a pleading or a motion is effective to stop the running of specified time limitations). Therefore, we hold that notice "within the period provided by law for commencing the action" specified in C.R.C.P. 15(c) includes the reasonable time allowed for service of process.

This approach is consistent with C.R.C.P. 15(a)'s admonition that courts shall grant leave to amend pleadings "when justice so requires" and the policy that technical errors not affecting the substantial rights of parties should be disregarded. Early on, the United States Supreme Court noted that the federal rules of civil procedure, after which the Colorado rules are patterned, rejected "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[ed] the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). This court has previously applied a more flexible standard for amendment of pleadings where the substitution of parties is not involved. *Eagle River Mobile Home Park Ltd. v. District Court*, 647 P.2d 660 (Colo.1982) (proposed amendment set forth additional damages and alternative theories of recovery); *Varner v. District Court*, 618 P.2d 1388 (Colo.1980) (alternative theories of recovery). *See also Moses v. Moses*, 180 Colo. 397, 505 P.2d 1302 (1973) (procedural rules as a whole should be interpreted liberally and technical errors not affecting the substantial rights of the parties should be disregarded).

■ The purpose of the statute of limitations in promoting justice, discouraging unnecessary delay, and forestalling the prosecution of stale claims, *Klamm Shell v. Berg*, 165 Colo. 540, 441 P.2d 10 (1968), is not defeated by allowing the substitution of a party within a reasonable period of time after the limitations period has expired. The original complaint must still be timely filed. Nor does the allowance of a reasonable period of time for service of process adversely affect the substituted party. That party is adequately protected by C.R.C.P. 15(c) which requires: (1) the claim or defense asserted arise out of the same events set forth in the original pleading, (2) the party brought in must receive such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) the party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.

■ Greeley Publishing Company, through its publisher's affidavit supporting Tribune-Republican Publishing Company's motion for summary judgment, admits that it had notice of the filing of the lawsuit one day after the statute of limitations had run. We find this notice was received within the reasonable period of time allowed for service of process. Consequently, Dillingham's amended complaint is not barred by the statute of limitations.

*Marriott v. Goldstein*, 662 P.2d 496 (Colo.App.1983) and *Medina v. Schmutz Manufacturing Co.*, 677 P.2d 953 (Colo.App.1983), are overruled to the extent inconsistent with this opinion. Accordingly, the judgment is reversed and the cause is remanded to the court of appeals for further proceedings consistent with this opinion.

KIRSHBAUM, J., does not participate.