Shirley O'QUINN, et al., Plaintiff,

v.

**WEDCO TECHNOLOGY, INC., Defendants.**

No. 90–C–1014.

United States District Court, D. Colorado.

Dec. 14, 1990.

See also, 746 F.Supp. 38.

Alan Higbie, Colo. Springs, Colo., for plaintiff.

Kathleen Carlson, Colo. Springs, Colo., Arthur Kutzer, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Shirley O'Quinn commenced this products liability action in the state district court for El Paso County, Colorado, against "Doe Corporation." On May 16, 1988, O'Quinn amended her complaint and named Wadell Equipment Manufacturing as the defendant. No such entity exists, and therefore no service was completed. A second amended complaint was filed naming Wadell Machine & Tool, Inc. ("Wadell I") as the defendant. Wadell I was served on September 22, 1988. A third amended complaint, joining Fidelity & Casualty Company as a plaintiff, was filed March 30, 1989.

Asserting that it had no relationship to the company that manufactured the machine O'Quinn was operating when she was injured, Wadell I moved for summary judgment. The state district court granted the motion and simultaneously granted the plaintiffs leave to amend the complaint to name the proper defendant. On June 4, 1990, a fourth amended complaint was filed naming Wedco Technology Inc. ("Wedco") as the defendant. Wedco was served that day. Pursuant to 28 U.S.C. § 1441, on June 7, 1990, Wedco removed the case to this court.

Asserting that the applicable statute of limitations expired before the plaintiffs filed a complaint against it, Wedco has moved for summary judgment. Plaintiffs have responded by opposing the motion. The parties have fully briefed the issues and oral argument would not materially assist the decision process. Jurisdiction is founded on 28 U.S.C. § 1332.

### I. *Facts.*

The relevant facts are undisputed. In her fourth amended complaint, O'Quinn alleges that she was injured on May 18, 1985, and that the component part that caused her injury had been manufactured by Wadell Equipment Company ("Wadell II"). Wedco subsequently purchased Wadell II. Wedco's first notice of this action was on September 23, 1988, the day O'Quinn

served Wadell I. On that day, Dudley M. Harman, a Wedco Vice–President, learned of the lawsuit from a Wadell I employee who believed that the action filed against Wadell I should have been filed against Wedco.

## II. *Colo.Rev.Stat. § 13–80–127.5.*

It is undisputed that Colo.Rev.Stat. § 13–80–127.5 is the applicable statute of limitations. In addition, it is undisputed that the claim for relief arose May 18, 1985, and that any action commenced after May 17, 1988 is time barred. However, if the plaintiffs' fourth amended complaint can relate back to a date before May 17, 1988, the complaint is not time barred and the defendant's motion should be denied.

## III. *Relation Back.*

Plaintiffs assert that under Rule 15(c), Colo.R.Civ.P., and *Dillingham v. Greeley Pub. Co.*, 701 P.2d 27 (Colo.1985), the fourth amended complaint relates back to her previous complaints and was therefore timely filed. Wedco asserts that under Rule 15(c), Fed.R.Civ.P., and *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the fourth amended complaint does not relate back and therefore the action is time barred. The parties' briefs center on which should apply, the federal or state rule. Because I conclude that the result would be the same applying either rule, I need not decide that issue.[1]

### A. *Rule 15(c) Fed.R.Civ.P.*

Rule 15(c), Fed.R.Civ.P. provides in relevant part that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satis-fied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action ... and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

It is undisputed that on September 23, 1988, Wedco received notice of the action and "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." *Id.* Further, it is uncontested that if the federal rule applies, under *Schiavone*, Wedco was not timely informed, the fourth amended complaint cannot relate back and the action is time barred. However, as stated above, the plaintiffs assert that the Colorado rule should apply, and that if applied, the fourth amended complaint can relate back.

### B. *Rule 15(c), Colo.R.Civ.P.*

The Colorado Rules of Civil Procedure were modeled after the federal rules, and Rule 15(c), Colo.R.Civ.P., is substantially identical to Rule 15(c), Fed.R.Civ.P. *Dillingham*, 701 P.2d at 31–32. In *Dillingham*, the Colorado Supreme Court held that "notice 'within the period provided by law for commencing the action' specified in C.R.C.P. 15(c) includes the reasonable time allowed for service of process." *Id.* at 32. In so holding, the court was persuaded by the Second Circuit's reasoning in *Ingram v. Kumar*, 585 F.2d 566 (2d Cir.1978) *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). However, both *Ingram* and *Dillingham* were decided before *Schiavone*. I conclude that if the Colorado Supreme Court considered the question today, the court again would follow the appli-

---

1. I note, however, that most courts that have considered this question, including this court, have concluded that this is a question of federal procedure. Therefore, under *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), it is governed by the federal rules. *See Brown v. E.W. Bliss Co.*, 818 F.2d 1405 (8th Cir.1987); *American Banker's Ins. Co. v. Colorado Flying Academy, Inc.*, 93 F.R.D. 135 (D.Colo.1982); and 3 *Moore's Federal Practice* ¶ 15.15 (Second Edition 1989) ("The more widely held and, we submit, the correct view is that *Hanna v. Plumer* is dispositive of the issue and that the matter is procedural, not within *Erie*, and one solely of federal practice under Rule 15(c)).

cable federal rule. That rule now is expressed by *Schiavone*, not *Ingram*.

Even if the Colorado Supreme Court declined to follow *Schiavone* and *Dillingham* controlled, the result would be the same. In *Dillingham*, the plaintiff filed a libel action on March 27, 1981, three days before the statute of limitations expired, against the "Tribune–Republican Publishing Company." Asserting that it had been dissolved and had ceased doing business before the allegedly libelous article was printed, the defendant moved for summary judgment. Affidavits filed in support of the motion established that the Greeley Publishing Company was the owner of the newspaper on the date of the alleged libel.

On September 8, 1981, the plaintiff moved to amend the pleadings under Rule 15(c), Colo.R.Civ.P., to name the correct defendant. The trial court granted the motion to amend, but held that the amendment did not relate back to the date of the original complaint because the new defendant had not received notice of institution of the action before the statute of limitations expired. The state court of appeals affirmed.

In reversing the court of appeals, the supreme court held that notice received within "the period provided by law for commencing the action" includes a reasonable time allowed for service of process. *Dillingham*, 701 P.2d at 32. Unfortunately, the court did not define "a reasonable time." In *Dillingham*, the defendant admitted that it had received notice of the filing of the lawsuit one day after the statute of limitations had expired. Here, however, Wedco did not receive notice of the action until September 23, 1988, over four months after the statute of limitations had expired. Without deciding how long a reasonable time for service of process is under *Dillingham*, I conclude that more than four months is beyond a reasonable time.[2] Therefore, applying *Dillingham*, the

fourth amended complaint cannot relate back to the previous complaints.

Accordingly IT IS ORDERED that:

(1) Defendant's motion for summary judgment is granted;

(2) Plaintiffs' complaint and action are dismissed; and

(3) Each party shall bear her or its own costs.

---

**2.** It should be noted that under Rule 4(j), Fed.R. Civ.P., a plaintiff has only 120 days to serve a defendant. It is unlikely that the Colorado Su-preme Court would hold that any time in excess of 120 days is "reasonable" under Rule 15(c).