Samuel Gilbert **DEFELICE,**
Plaintiff–Appellant,

v.

Lucia **JOHNSON,** as Personal Representative of the Estate of Leonard Blomquist, Defendant–Appellee.

No. 95CA1513.

Colorado Court of Appeals,
Div. II.

Dec. 12, 1996.

Braden, Frindt, Stinar & Stageman, LLC, Daniel B. Stageman, Michael C. Cook, Suzanne Tillitt Peloquin, Colorado Springs, for Plaintiff–Appellant.

Hall & Evans, LLC, John A. McNamara, Jeffrey L. Bodily, Colorado Springs, for Defendant–Appellee.

Opinion by Judge KAPELKE.

Plaintiff, Samuel Gilbert Defelice, appeals from a summary judgment in favor of defendant, Lucia Johnson, as personal representative of the estate of Leonard D. Blomquist. Plaintiff contends that the trial court erred in

finding that his claims are barred by applicable statutes of limitation. We affirm.

Plaintiff was injured on September 7, 1990, when his automobile was struck by another car which had passed a stop sign at high speed while trying to elude two police officers who were following in two separate cars. Blomquist was one of the pursuing officers.

On March 17, 1992, several months after Blomquist had died, plaintiff filed his original complaint, naming as defendants Blomquist, the officer driving the other police car, and the respective municipalities for which the two officers worked.

In 1992, all defendants other than Blomquist obtained summary judgments in their favor. The court held that plaintiff had failed to file his action within one year of the accident under the terms of § 24–14–105, C.R.S. (1988 Repl.Vol. 10A) and § 13–80–103(1)(c), C.R.S. (1987 Repl.Vol. 6A). The court also rejected plaintiff's contention that the accident left him mentally disabled until April 30, 1991, and that the limitation periods were tolled for two years following his alleged recovery.

Plaintiff filed a petition for the appointment of a personal representative of Blomquist's estate on October 18, 1993, and Johnson was appointed in that capacity on October 17, 1994. On March 21, 1995, the trial court ordered plaintiff to file an amended complaint, naming Johnson as defendant in place of Blomquist. The amended complaint was filed on July 20, 1995.

After Johnson was served with the amended complaint, she also moved for summary judgment. The court granted the motion. This appeal followed.

### I.

Plaintiff claims that the trial court erred in holding that this matter was governed by the one-year statutes of limitation contained in § 24–14–105 and § 13–80–103(1)(c). He asserts the applicability of the three-year limitation period of § 13–80–101(1)(j), C.R.S. (1986 Repl.Vol. 6A).

In the alternative, plaintiff claims that he was mentally disabled for a period of several months after the accident and that, under § 13–81–103(1)(c), C.R.S. (1986 Repl.Vol. 6A), he was entitled to an additional two years after his recovery to file this action.

We requested and received supplemental briefs on a related issue: whether plaintiff's claims against Johnson are untimely regardless of which limitations period is applied, because plaintiff did not file a complaint naming Johnson until over four years after the accident. We conclude that plaintiff's claims are barred under any of the limitation provisions arguably applicable.

### A.

■ An action seeking recovery from the estate of a deceased person must be brought against the personal representative. *Price v. Sommermeyer*, 195 Colo. 285, 577 P.2d 752 (1978). If a plaintiff names a defendant who has already died and there is no personal representative, no legal entity exists which can be named as a defendant, and thus, there is no jurisdiction to proceed. *Jenkins v. Estate of Thomas*, 800 P.2d 1358 (Colo.App.1990).

■ Here, Blomquist had died by the time plaintiff filed his original complaint on March 17, 1992, and no personal representative had been named. Hence, because there was no legal entity capable of being sued, the filing of the complaint did not vest the trial court with jurisdiction as to Blomquist's estate. Plaintiff did not file his amended complaint naming Johnson, as the personal representative of Blomquist's estate, until July 20 1995, over four years after the accident.

Thus, even if we were to apply the three-year statute of limitations set forth in § 13–80–101(1)(j), as plaintiff urges, the time for filing suit under that statute would have run on September 7, 1993, well before the date plaintiff named Johnson as a defendant.

■ Nor would plaintiff's claims be preserved by application of § 13–81–103(1)(c), which allows an extended period for filing a complaint when a plaintiff is under a disability. That statute provides:

If the disability of any person is terminated before the expiration of the period of

limitation ... and no legal representative has been appointed for him, such person shall be allowed to take action within the period fixed by the applicable statute of limitations or within two years after the removal of the disability, whichever period occurs later.

Here, even if we assume that plaintiff was disabled until April 30, 1991, the limitations period would have been extended until two years after the date of his recovery. This extended period would have expired on April 30, 1993, also well before defendant filed his amended complaint against Johnson.

Because plaintiff filed his amended complaint against Johnson over a year after the limitations dates he contends should apply, his claims are untimely.

### B.

■ Plaintiff's amended complaint could be found to be timely only if it were deemed to relate back to the date of filing of the original complaint. We conclude that the amended complaint did not relate back to that date.

C.R.C.P. 15(c), which governs the relation back of amended pleadings, provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment: (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Because this rule is substantially identical to Fed.R.Civ.P. 15(c), we look to cases interpreting the federal rule for guidance. *Dill-*

*ingham v. Greeley Publishing Co.,* 701 P.2d 27 (Colo.1985).

■ Under Fed.R.Civ.P. 15(c), when suit is brought naming a deceased person, an amended complaint naming a personal representative relates back to the date of the original filing only if the personal representative had actual knowledge of the suit within the limitations period. *Moul v. Pace,* 261 F.Supp. 616 (D.Md.1966) (because defendant did not know, in his capacity as administrator, of action until after statute had run, amended complaint did not relate back); *Davis v. Cadwell,* 94 F.R.D. 306 (D.Del.1982) (no relation back where administrator did not know of action within statutory period); *cf. Malmrose v. Estate of Aljoe,* 92 F.R.D. 490 (W.D.Pa.1981) (relation back allowed where complaint originally named estate of decedent and where both estate and executrix were involved in defense of litigation from outset); *Brennan v. Estate of Smith,* 301 F.Supp. 307 (M.D.Pa.1969) (relation back allowed where plaintiff petitioned within limitations period for widow to take out letters of administration so that plaintiff could pursue claim against decedent).

While no Colorado cases address this precise issue, a division of this court, in *Shepherd v. Wilhelm,* 41 Colo.App. 403, 591 P.2d 1039 (1978), undertook an analysis similar to that of the courts in the cited federal cases.

In *Shepherd,* suit was originally brought against the administrator of the estate. The plaintiff later amended the complaint to join the widow of the alleged tortfeasor as a defendant. The court held that, while the widow may have known of the action against the estate,

there was no evidence that she received such notice that she would not be prejudiced in maintaining a defense against the new cause of action against her. Plaintiff also did not show, nor could she show on the basis of the record, that defendant knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against her.

*Shepherd v. Wilhelm, supra,* 41 Colo.App. at 405, 591 P.2d at 1041–42.

Here, Johnson was not named as personal representative of Blomquist's estate until October 17, 1994, over four years after the accident. Plaintiff did not even petition for appointment of a personal representative until October 18, 1993. Nothing in the record indicates that Johnson had notice of this action before October 18, 1993, which was well after expiration of both the three-year limitations period and the two-year grace period following the date plaintiff claims to have recovered from his alleged disability.

In his supplemental brief, plaintiff argues that Johnson nevertheless received actual notice of this suit "within a reasonable time in light of the circumstances surrounding [plaintiff's] efforts to get the Estate opened," and that the amended complaint should therefore relate back to the original. We disagree.

Under *Dillingham v. Greeley Publishing Co., supra,* 701 P.2d at 31, the period in which notice must be received under C.R.C.P. 15(c) "includes the reasonable time allowed under the federal rules or applicable state law *for service of process.*" (emphasis added)

We note that the United States Supreme Court has since rejected a similar extension of the limitations period for relation back of complaints under Fed.R.Civ.P. 15(c). *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). It is thus questionable whether our supreme court would elect to retain the "reasonable time" rule if again presented with the issue. *See O'Quinn v. Wedco Technology, Inc.,* 752 F.Supp. 984 (D.Colo.1990), *aff'd,* 955 F.2d 49 (10th Cir. 1992), *cert. denied,* 506 U.S. 917, 113 S.Ct. 328, 121 L.Ed.2d 247 (1992) (concluding that the Colorado Supreme Court would follow *Schiavone* if now presented with the relation-back issue).

Nevertheless, even if we assume that the time limits for relation back of a complaint under C.R.C.P. 15(c) can be extended for a reasonable time to allow for service of a timely-filed complaint, *Dillingham* does not authorize extensions of time based on other asserted grounds of "reasonableness." *Dillingham v. Greeley Publishing Co., supra; O'Quinn v. Wedco Technology, Inc., supra.* Here, plaintiff's contentions of "reasonable-

ness" have nothing to do with service of process.

Therefore, even if the record demonstrated a "reasonable" excuse for plaintiff's failure to file a petition for the appointment of a personal representative within the limitations period (which it does not), the "reasonable time" allowed by *Dillingham* for relation back under C.R.C.P. 15(c) would still not afford relief here.

In sum, we conclude that plaintiff's claims are time-barred. In light of this ruling, we do not reach plaintiff's other contentions on appeal.

The judgment is affirmed.

STERNBERG, C.J., and CRISWELL, J., concur.