2015 CO 4

**In re: Lillian R. MALM, Plaintiff,**

**v.**

**Marion Brigitte VILLEGAS, Defendant.**

**Supreme Court Case No. 14SA13**

Supreme Court of Colorado.

January 20, 2015

Rehearing Denied February 9, 2015

Attorneys for Plaintiff–Respondent: Springer and Steinberg, P.C., Michael P. Zwiebel, Jeffrey A. Springer, Matthew Giacomini, Jason Astle, Denver, Colorado

Attorneys for Defendant–Petitioner: Bayer & Carey, P.C., Marianne Lizza–Irwin, Andrew C. Nickel, Peter M. Spiessbach, Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 Villegas petitioned for relief pursuant to C.A.R. ·21 from an order of the district court granting Malm's motion to reopen her personal injury lawsuit, some six years after it had been marked inactive and closed. The court denied Villegas's motion to reconsider and dismiss the action for failure to prosecute, despite the passage of more than seven years between the filing and service of the complaint. Relying largely on Malm's self-reported efforts to find and serve Villegas, and Villegas's failure to demonstrate prejudice from the delay, the district court effectively found that service was had within a reasonable time.

¶ 2 Because service following commencement of the action by filing a complaint with the court was delayed for an unreasonable length of time, the district court abused its discretion in declining to dismiss the lawsuit for failure to prosecute. The rule is therefore made absolute, and the matter is remanded to the district court with directions to dismiss the action.

## I.

¶ 3 Lillian Malm commenced this action against Marion Villegas by filing a complaint with the district court in December 2005. The complaint alleged that Villegas caused Malm to suffer personal injuries in an automobile accident in 2002, some two years and eleven months earlier. It was undisputed that the complaint was therefore filed approximately one month before expiration of the applicable three-year statute of limitations.

¶ 4 In September 2006, having failed to find and personally serve Villegas, Malm moved for permission to establish quasi in rem jurisdiction by attaching Villegas's insurance policy and accomplishing service through publication. Although the court granted her motion and she demonstrated service by publication, in response to a motion to dismiss for lack of personal jurisdiction by Villegas's insurer, appearing specially, the court ultimately found quasi in rem jurisdiction to be an improper means of acquiring jurisdiction over Villegas's property. Nonetheless, the court denied the motion to dismiss, finding that additional time was warranted to allow Malm to attempt personal service.

¶ 5 In September 2007, Malm filed a status report with the court, noting that she had been unable to locate and personally serve Villegas and requesting that the court take no further action at that time. The court granted the request, marking the case inactive and closed; ordered Malm to provide an updated status report within ninety days, detailing her active attempts to locate and serve the defendant; and invited Malm to move to reopen once service was completed. On December 10, 2007, Malm provided one such status update, indicating that she was continuing her efforts to locate and serve Villegas and would notify the court once service was complete.

¶ 6 No activity of record occurred for the next five years, but on June 27, 2013, Malm moved to reopen, alleging that "[i]n early 2013 investigators retained by Plaintiff's counsel got a 'lead' that Defendant Villegas was living in Germany," and as a result, Villegas was served in Germany "[i]n accordance with the Hague Convention ... on May 24, 2013." The district court granted the motion in August 2013.

¶ 7 Once the case was reopened, Villegas moved to reconsider, arguing that Malm's failure to make reasonable efforts after the case was closed in 2007 or to serve her within a reasonable time amounted to a failure to diligently prosecute. In a responsive plead-

ing Malm reported her efforts to find and serve Villegas between 2007 and 2013, specifically asserting that she (1) retained the services of a "fourth" private investigator who undertook "expensive and time consuming research" and located Villegas's ex-husband in California, but that this and other leads did not prove productive; (2) attempted to evaluate whether a recently passed statute might allow her to utilize alternative methods of service; (3) retained yet another private investigator in 2012 who utilized "recently developed databases allowing investigators to better access international databases" and obtained some leads that Villegas might be living in Germany; and (4) retained the services of a "sixth" investigator, Ancillary Legal Corporation, which was ultimately able to locate and serve Villegas.

¶ 8 The district court denied the motion to reconsider, finding "that while the lack of 'activity of record' in the case from December 10, 2007 until June 27, 2013 constitute[d] a prima facie failure to prosecute under C.R.C.P. 121 § 1–10," Malm had "evidenced significant activity in furtherance of her prosecution of this case between December 2007 and June 2013." In addition, the court found that no Colorado Rule of Civil Procedure defines a reasonable time in which to accomplish service in a foreign country and that Villegas failed to show she would be prejudiced by the reopening of the case.

¶ 9 Villegas petitioned pursuant to C.A.R. 21, seeking relief from this order, and we issued our rule to show cause why the district court had not abused its discretion in declining to dismiss for failure to prosecute.

## II.

¶ 10 Rule 3(a) of the Colorado Rules of Civil Procedure permits a civil action to be commenced either by filing a complaint with the court or by service of a summons and complaint on opposing parties. If the action is commenced by service of a summons and complaint, the complaint must be filed within fourteen days thereafter. If, however, the action is commenced by filing a complaint with the court, Rule 3 does not specify any particular period of time within which service must be accomplished. Effective September 5, 2013, C.R.C.P. 4(m) requires the court to dismiss such an action *without prejudice* or order service within a specified time, unless the defendant is served within sixty-three days after filing or good cause is shown for an extension. Rule 4(m) also makes clear that this prescription for dismissal without prejudice is not intended to apply to service in a foreign country as permitted by the civil rules.

¶ 11 Even before the adoption of C.R.C.P. 4(m), however, an action was subject to dismissal *with prejudice* for failure to prosecute if service on the opposing party was not had within a reasonable time after commencing an action by filing. *See* C.R.C.P. 41(b)(2); *Garcia v. Schneider Energy Servs., Inc.*, 2012 CO 62, ¶ 15, 287 P.3d 112. Relying on our own case law concerning failure to prosecute in other contexts, we noted in *Garcia* that the determination whether a delay in serving opposing parties is unreasonable can involve consideration of a number of different factors, such as the length of delay, the reasons for delay, the prejudice that will result to the defendant by allowing the matter to continue, and the nature and extent of the plaintiff's efforts in avoiding or rectifying the delay. *Id.* In two cases involving a delay between filing and notice to a substituted party that was relatively short, and in fact less than the 120–day delay triggering dismissal without prejudice according to already-existing Fed.R.Civ.P. 4(m), however, we had little difficulty in finding notice to have been within an appropriate time for service of process, without feeling compelled to expressly consider each of the enumerated factors or to specify a particular relationship or balance among them. *See Garcia*, ¶ 16 (finding notice to substituted party within at most 116 days of filing to be within reasonable time for service following filing); *see also Dillingham v. Greeley Pub. Co.*, 701 P.2d 27, 32 (Colo.1985) (finding notice within several days to be within reasonable time allowed for service).

¶ 12 We have in the past also noted that this list of factors carried over in *Garcia* was intended to be exemplary and by no means exclusive. *See, e.g., Streu v. City of Colo. Springs ex rel. Colo. Springs Utils.*, 239 P.3d

1264, 1269 (Colo.2010). Perhaps more importantly, however, we have never suggested or intended that the considerations singled out for mention with regard to failure to prosecute in general necessarily carry equal weight in any given context. Depending upon the nature of and reasons for a plaintiff's inaction, the significance, or even applicability, of any one or more of these factors will undoubtedly differ. Largely because a substantial delay in serving notice on an opposing party puts that party at a severe disadvantage in preparing for litigation, a delay of this kind has typically been considered a particularly serious and unique kind of failure to prosecute. *See, e.g., Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 418 (5th Cir.2006); *Franklin v. Murphy,* 745 F.2d 1221, 1233 (9th Cir.1984); *Veazey v. Young's Yacht Sale & Serv., Inc.,* 644 F.2d 475, 477–78 (5th Cir.1981); *Anderson v. Air W., Inc.,* 542 F.2d 522, 525 (9th Cir.1976).

¶ 13 We have long counted Colorado among those jurisdictions in which service of process can be effected, under certain circumstances, even after the applicable statute of limitations has run. *See Dillingham,* 701 P.2d at 32 (citing *Mascitelli v. Giuliano & Sons Coal Co.,* 157 Colo. 240, 402 P.2d 192 (1965)). The comprehensive statutory scheme of limitations periods in this jurisdiction is structured to bar the commencement of enumerated actions after designated periods of time. *See* §§ 13–80–101 to –119, C.R.S. (2014). This court has, however, by court rule, defined the point at which an action is commenced as including the point at which a complaint is filed, even though service on opposing parties has not yet been effected. *See* C.R.C.P. 3(a); *Garcia,* ¶ 12 (filing a complaint tolls the statute of limitations). Because a statute of limitations merely bars the commencement of an action after a designated point in time, in and of itself it imposes no direct limitation on the time for service following commencement by filing.

¶ 14 By contrast, Rule 15, governing amended and supplemental pleadings, permits an amendment changing a named party to relate back to the original claim only if, among other things, that party receives suffi-

cient notice "within the period provided by law for commencing the action against him." C.R.C.P. 15(c). Largely to avoid the anamolous situation that would result from permitting less time to serve an amended party than would have been permitted to serve the party originally named, we have eschewed a literal reading of the words "within the period provided by law for commencing the action against him," *see Dillingham,* 701 P.2d at 31; *see also Garcia,* ¶ 9, and instead construed this language of the rule to include a reasonable time to serve opposing parties after filing the complaint, even if that time extends beyond the applicable statute of limitations. In doing so, however, we made clear that this interpretation applied only to the relation back doctrine of Rule 15(c), and in that context, the purposes to be served by a statutory limitations period were adequately protected by the remaining conditions imposed by the rule governing relation back. *Dillingham,* 701 P.2d at 31–32.

¶ 15 While we therefore clarified in *Garcia* that the appropriate inquiry concerning the time allowed for service of process in an action commenced by filing is whether the defendant was served within a reasonable time following the filing date, rather than within a reasonable time following the running of the applicable statute of limitations, *Garcia,* ¶ 12, we did not intend to suggest that the statute of limitations for any particular action is unrelated to the time allowed for service of process in the case. Quite the contrary, as various federal courts have expressly recognized, although the statute of limitations for commencing an action may itself be complied with upon the filing of a complaint, the policy considerations supporting a specific limitations period for the particular type of action at issue and those requiring service of process within a reasonable time after filing are largely identical and would be entirely defeated if service could be delayed indefinitely by filing a complaint within the statutory limitations period. *See Sealed Appellant,* 452 F.3d at 418 (citing *Veazey,* 644 F.2d at 477–78).

¶ 16 While the equitable doctrine of laches may sooner bar an action as the result of unconscionable delay by the plaintiff com-

bined with prejudicial reliance by the defendant, *see Hickerson v. Vessels*, 2014 CO 2, ¶ 14, 316 P.3d 620, a legislatively prescribed statute of limitations sets a predetermined time-bar, premised largely on the presumption that lengthy delay in notifying another of the need to defend himself is inherently prejudicial. Not only is it predictable that after lengthy delays, "evidence deteriorates or disappears, memories fade, and witnesses die or move away," *Sealed Appellant*, 452 F.3d at 418 (citing *Veazey*, 644 F.2d at 477–78), but a defendant is also prejudiced simply by the defeat of his right to repose, being exposed as he would then be to surprise litigation long after the statutory limitations period had run. And while even a statute of limitations may be tolled under limited circumstances, such as where the defendant attempts to avoid service by placing himself beyond the power of the jurisdiction to compel attendance, *see* § 13–80–118, C.R.S. (2014), or where "the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts," *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 149 (Colo.2007) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo.1996)), unsuccessful efforts to locate and serve a party cannot alone circumvent a statutory time bar.

■ ¶ 17 For substantially the same policy reasons, a delay between the filing and service of a complaint which actually extends beyond the applicable statute of limitations can be considered reasonable only to the extent that it is the product of either wrongful conduct by the defendant or some formal impediment to service—not simply the inability of the plaintiff to locate the named defendant, no matter how extensive his efforts may be. While a failure to make reasonable efforts to serve may provide a separate basis for finding a delay *unreasonable*, efforts to locate a named defendant alone, whether or not he can make a particularized showing of prejudice or the plaintiff can demonstrate a lack thereof, can no more justify declining to dismiss for failure to prosecute than could they justify a tolling of the statute of limitations in the first place.

¶ 18 In *Garcia*, we characterized the 116 days between the filing of the original complaint and notice to the substituted party as "a relatively short period of time," in part by comparison with the 120–day period permitted for service by federal rule 4(m). *Garcia*, ¶ 16 (citing Fed.R.Civ.P. 4(m)). At least where we found nothing in the record to suggest that the plaintiff had been dilatory or that the defendant suffered prejudice as a result of the delay, we had no difficulty in concluding that the substituted defendant had received notice within the reasonable time for service required to avoid dismissal for failure to prosecute. *See id.* We therefore had no cause to consider or suggest precisely what would have amounted to an *unreasonable* delay in service after filing.

■ ¶ 19 Although we have subsequently adopted a similar version of Rule 4(m), with an even shorter grace period for service in the absence of specific justification, it is unnecessary for us to resolve the applicability of that rule to this case because it would, in any event, not displace Rule 41(b)(2)'s provision for dismissal for failure to prosecute, which clearly bars the lengthy delay in this case. *Cf. Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir.2013); *see also O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir.2000) ("In certain circumstances, a plaintiff's dereliction in not obtaining service may lead beyond Rule 4 and head off into territory covered by Rule 41(b)."). As we implied in *Garcia*, even without the benefit of a controlling rule of our own, within some initial period, measured in days rather than years, service after filing will be treated as presumptively reasonable. The significant question for purposes of dismissal for untimely service concerns the justification for longer delay, whether that justification be expressed in terms of good cause for an extension, as contemplated by Rule 4(m), or the reasonableness of inaction that would otherwise amount to a failure to prosecute. Where service after filing is, however, not actually accomplished until a statutory limitations period has passed, any delay in service beyond that "relatively short" initial period cannot be found reasonable simply because

the plaintiff made diligent efforts to locate the defendant.

## III.

 ¶ 20 By virtually any standard, the seven-and-a-half years between filing and service in this case far exceeded the relatively short initial period not requiring specific justification. By the same token, permitting the lengthy delay beyond the running of statute of limitations in this case would have effectively tripled the time statutorily contemplated for putting Villegas to her defense of alleged tortious conduct. While certain extraordinary circumstances might excuse even this substantial delay, for the reasons already articulated, the district court's reliance on Malm's efforts to locate and serve Villegas, and Villegas's failure to demonstrate specific prejudice, could not do so.

¶ 21 Notwithstanding Malm's suggestions to the contrary, the district court made no findings to the effect that Villegas had intentionally evaded service, and it explicitly rejected Malm's contention that a voicemail, left by Villegas for plaintiff's counsel after service had been effected, demonstrated that Villegas had actual knowledge of the action sometime prior to being served. Neither did the record suggest, nor the court find, that the lengthy delay in service was attributable to procedural impediments imposed by Villegas's foreign country of residence. To the contrary, the record reflects that service was completed by complying with the Hague Service Convention and C.R.C.P. 4, within approximately two months of Malm's request for service.

¶ 22 Given the complete lack of factual findings to the effect that Villegas deliberately avoided service, or that the lengthy delay was caused by legal obstacles encountered in attempting to serve her in a foreign country, or even that the delay was caused by some reason other than the bona fide and extensive, but unsuccessful, efforts of Malm to serve her, service was not had within a reasonable time. The district court therefore abused its discretion in declining to dismiss for failure to prosecute.

## IV.

¶ 23 Because service following commencement of the action by filing a complaint with the court was delayed for an unreasonable length of time, the district court abused its discretion in declining to dismiss the lawsuit for failure to prosecute. The rule is therefore made absolute, and the matter is remanded to the district court with directions to dismiss the action.