Submitted on petition September 22, petition denied October 22, petition for rehearing withdrawn November 26, 1969

SOUTHERN PACIFIC COMPANY, *Petitioner,*
*v.* BRYSON, *Defendant.*

459 P. 2d 881

McColloch, Dezendorf, Spears & Lubersky and Wayne Hilliard, Portland, for the petition.

John Gordon Gearin, Portland, contra.

DENECKE, J.

The petitioner, Southern Pacific Company, is the defendant in a personal injury action brought against it by Piercey. The petitioner is seeking an original alternative writ of mandamus commanding the circuit judge to vacate its order entered in Piercey's personal injury action which ordered the petitioner to produce for inspection and copying "[a]ll witness statements taken by defendant's Claim Agent and representative on behalf of plaintiff."

The alleged authority for the order is ORS 41.615 (1) and (1)(a) which provide:

"(1) Upon motion of any party showing good cause therefor, and upon notice to all other parties, and subject to the provisions of ORS 45.181, the court in which a proceeding is pending may:

"(a) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by ORS 45.151 and which are in his possession, custody or control; or."

This statute was enacted in 1959 and was recommended by the Oregon State Bar and its committee on procedure and practice. The statute is identical to a portion of Rule 34 of the Federal Rules of Civil Procedure. The 1956 Bar Procedure and Practice Committee which originated this recommendation stated in its report: "This bill [which ultimately became ORS 41.615(1) and (1)(a)] would adopt the substance of Federal Rule 34 relating to discovery and production of documents and things for inspection,

copying or photographing. The present statute on the subject, ORS 41.630, is believed to be inadequate."

Federal Rule 34 and the state rules and statutes patterned on Rule 34 have been interpreted, when good cause is shown, to permit a party to inspect and copy witnesses' statements in possession of the adverse party. *Alltmont v. United States,* 177 F2d 971, 976 (3d Cir 1950); *Dean v. Superior Court,* 84 Ariz 104, 324 P2d 764, 73 ALR2d 1 (1958). These rules and statutes were so interpreted prior to the enactment of the Oregon statute in 1959. 31 Or L Rev 197, 216 (1952); Annotation, 73 ALR2d 12, 28 (1960). Under these circumstances such an interpretation is highly persuasive in interpreting the Oregon statute. *School Dist. No. 1 v. Rushlight & Co.,* 232 Or 341, 375 P2d 411 (1962). We so interpret ORS 41.615(1).

Petitioner does not expressly contend ORS 41.615 does not permit this type of discovery. Its contention is that the personal injury plaintiff, Piercey, has not, as a matter of law, shown the good cause required by statute.

Piercey's counsel filed an affidavit with the motion for discovery and the statements in that affidavit are the evidence upon which the issue of good cause must be decided. The affiant states that plaintiff was removed from the scene of the injury in 1966 in an injured condition and, therefore, not able to investigate the accident, whereas, Southern Pacific immediately took statements; that plaintiff in 1969 took the deposition of plaintiff's foreman who, at the time of the accident had made a written report and the foreman was not able on deposition to remember all the facts surrounding the accident; and that the mem-

ories of all witnesses might well now be dimmed because of the passage of time.

We conclude that the above evidence is sufficient to support the trial court's finding of good cause. *Southern Railway Company v. Campbell,* 309 F2d 569, 572 (5th Cir 1962); *Goosman v. A. Duie Pyle, Inc.,* 320 F2d 45, 50-52 (4th Cir 1963); cf. *Guilford National Bank of Greensboro v. Southern Ry. Co.,* 297 F2d 921 (4th Cir 1962).

Petition for alternative writ denied.