Argued and submitted April 17, reversed and
remanded November 16, 1981,

WAYBRANT,
*Appellant,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

(No. 78-3-338, CA 19027)

635 P2d 1365

Adelbert G. Clostermann, Portland, argued the cause and filed the brief for appellant.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Ronald E. Bailey, Donald E. Murray, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

This is an appeal by plaintiff from a judgment for defendant after dismissal of plaintiff's action for damages for the death of plaintiff's decedent. The issue is whether plaintiff's fourth amended complaint, which was filed after the statute of limitations had run, alleged a new cause of action against defendant and, therefore, did not relate back to the filing of the original complaint. We find that it did relate back and, therefore, reverse.

Plaintiff, as personal representative of decedent's estate, filed his first complaint on March 22, 1978. The action was brought under the Oregon Tort Claims Act, ORS 30.260 et seq. Plaintiff alleged that, due to the negligence of the Board of County Commissioners of Clackamas County in failing to repair or warn of the hazard on a county road, an auto accident occurred on April 1, 1976. He further alleged that plaintiff's decedent died as a result of that accident on April 2, 1976. Plaintiff named as defendants the Board of Commissioners and each individual member thereof.

In May, 1979, plaintiff filed his third amended complaint, alleging that the Board of Commissioners was negligent only in failing to repair the road. In July, 1979, defendants filed a demurrer to the third amended complaint, on the ground that the Board and its members were improper parties under the Tort Claims Act. The court sustained the demurrer in September, 1979.

On October 1, 1979, plaintiff filed his fourth amended complaint which, for the first time, named Clackamas County as the sole defendant. The allegations pertaining to negligence of the county were substantially the same as those set out in the third amended complaint. In June, 1980, the county moved to dismiss the case against it on the ground that plaintiff had not commenced his action within the prescribed time. The trial court granted the motion. Plaintiff appeals the judgment entered in favor of defendant after dismissal of his fourth amended complaint.

The statute of limitations for actions brought under the Tort Claims Act is two years. ORS 30.275. If the fourth amended complaint does not relate back to the filing

of the original complaint, then plaintiff's complaint was properly dismissed as not brought within the period of limitations.

■ ORCP 23C, governs the relation back of amended pleadings. It provides:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

The rule was effective on January 1, 1980, and applies to cases pending on that date. Although the fourth amended complaint was filed on October 1, 1979, defendant's motion to dismiss the action as not having been commenced within the time limited by statute was not filed until June 9, 1980.

■ ■ At the outset, it is necessary to determine if plaintiff is entitled to rely on ORCP 23C on appeal. Defendant contends he is not, because plaintiff failed to cite the rule in his argument to the trial court. Instead, plaintiff relied on the relation back "doctrine" as set out in the case law. The law is well settled that all issues and legal theories must be raised at the trial level to be considered on appeal. *Garrison v. Pacific N.W. Bell,* 45 Or App 523, 527, 608 P2d 1206 (1980). In this instance, the case law embraces similar requirements for application of the doctrine of relation back as those found in ORCP 23C. This is not a case in which a new legal theory has been raised for the first time on appeal. The application of Rule 23C is, therefore, properly before us.

What remains to be decided is whether the three requirements of Rule 23C have been satisfied in this case: (1) whether the claim against the county arose out of the

conduct set forth in the original pleading; (2) whether the county has received such notice of the institution of this action that it will not be prejudiced in maintaining its defense on the merits; and (3) whether the county "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]."

Defendant concedes that plaintiff meets the first requirement, that the amended complaint arises out of the same transaction as that set forth in the original pleading. As for the second requirement, there can be little dispute that the county had sufficient notice of the institution of the action.[1] Service of the original complaint was made on the Board of County Commissioners and each individual commissioner. Those were the very persons, and the only persons, authorized by law to transact defendant's business. ORS 203.110.[2] Defendant was represented on its motion to dismiss the action by the same attorney who had continuously represented the Board and its individual members since shortly after the original complaint was filed. Defendant cannot now be heard to complain that it did not have notice of the institution of the action.

Although there are as yet no Oregon cases interpreting ORCP 23C, there is precedent in federal cases interpreting Rule 15(c) of the Federal Rules of Civil Procedure, which is virtually identical to ORCP 23C.[3] In *Taliferro v. Costello,* 467 F Supp 33 (ED Pa 1979), the court considered a similar fact pattern and ruled that a city, the new defendant, had constructive notice of the filing of an action when the original complaint was served on a city deputy sheriff, the other defendant. *See also, Kirk v. Cronvich,* 629 F2d 404 (5th Cir 1980).

---

[1] This paragraph does not deal with Tort Claims Act notice under ORS 30.275. Notice under that section is not in issue in this case.

[2] ORS 203.110 provides:

"When county business is being transacted therein, the county court is held by the county judge and two commissioners, or a majority of such persons. In a county having a board of county commissioners consisting of three commissioners, county business shall be transacted by the board or a majority of the commissioners."

[3] *See Southern Pacific v. Bryson,* 254 Or 478, 480-481, 459 P2d 881 (1969), in which the court relied on federal cases interpreting FRCP 34 in order to interpret an Oregon statute modeled after that federal rule.

■ Defendant argues that even if it had notice, it will be prejudiced in maintaining a defense on the merits. There is nothing in the record to suggest that the county has been hindered in its ability to obtain relevant evidence needed for its defense. Defendant claims it was misled by a memorandum written by plaintiff's counsel in opposing defendant's demurrer in which he stated that the action was based on a theory of individual liability of the Board members and that he was not relying on the doctrine of *respondeat superior.* That is also the basis of defendant's contention that the fourth amended complaint alleged a new cause of action. That memorandum, however, was not filed, is not part of the record, and, therefore, is not properly before us.[4] *HNM Enterprises, Inc. v. Hamilton,* 49 Or App 613, 621 P2d 57 (1980). It is obvious from reviewing plaintiff's pleadings that his cause of action did not change.

■ Rule 23C's third requirement, that the county knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it, must be interpreted in light of the rule's primary purpose. The modern trend of the law is to allow liberal construction of pleadings. ORCP 12B provides, in part:

> "The court shall in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

In contrast to this trend, defendant urges that this court adopt a restrictive interpretation of the rule which would limit its use to cases of confusion as to the defendant's correct name. We see no reason to do so. The court in *Taliferro* stated:

> " * * * 'the phrase "a mistake concerning the identity of the proper party" should clearly not be read to limit its

---

[4] Even if the memorandum was properly before us, we find defendant's argument unpersuasive. The memorandum was written in August, 1979, in opposition to the Board's demurrer to plaintiff's third amended complaint. This was more than one year after the statute ran, and only two months before defendant was substituted as a party. As defendant was properly notified of the action in March, 1978, before the statute ran, it had adequate opportunity to prepare a defense on the merits. Further, any reliance the defendant placed on the memorandum became misplaced as soon as the trial judge granted the demurrer, rejecting plaintiff's argument as set out in the memorandum.

usefulness to cases of misnomer.' * * * Where an amendment seeks to add a new defendant, this aspect of Rule 15(c) seems designed to insure that, prior to the expiration of the limitation period, the new defendant knew (or should have known) that his joinder was a distinct possibility." (Citations omitted.) 467 F Supp at 36.

In the instant case, plaintiff's failure to sue the county was based on an incorrect reading of the statute. ORS 368.205 provides that the Board of County Commissioners has a duty to maintain county roads. Plaintiff originally brought suit against the entity directly responsible for the county road upon which the accident occurred. However, ORS 30.265 provides that only a *public body* is responsible for governmental torts. The county is a public body as defined in ORS 30.260(2); the Board of Commissioners is a "governing body" under subsection (1) of that statute. This is clearly a situation in which the correct party, the county, knew or should have known that, but for plaintiff's mistake in identifying the proper party, the action would have been commenced against it.

Plaintiff, having satisfied all three requirements of the rule, is entitled to have his amended complaint relate back to the time the original pleading was filed. The trial court erred in granting defendant's motion to dismiss based on the statute of limitations.

Reversed and remanded.