IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| SUSBAUER ROAD LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230056N |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING TCR 36 TO 46,** |
| WASHINGTON COUNTY ASSESSOR, | ) | **DENYING PLAINTIFF'S MOTION** |
| | ) | **FOR DISCOVERY, AND DENYING** |
| | ) | **PLAINTIFF'S SUPPLEMENTAL** |
| Defendant. | ) | **MOTION FOR DISCOVERY** |

This matter came before the court on Plaintiff's Motion for Discovery (Motion), filed

July 10, 2023. With its Motion, Plaintiff filed the Declaration of Richard Senders in Support of

Plaintiff's Motion (Declaration of Senders) on July 10, 2023. Defendant filed its Response to

Plaintiff's Motion (Response) on July 19, 2023. Plaintiff filed a Supplemental Motion for

Discovery (Supplemental Motion) on July 24, 2023. Plaintiff filed a Memorandum of Law in

Support of its Motions (Memo) on July 31, 2023. Defendant filed a Response to Plaintiff's

Memo (Second Response) and the Declaration of Andrew Volokitin (Declaration of Volokitin)

on August 7, 2023. Oral argument was held by remote means on August 8, 2023. Richard

Senders, attorney, appeared on behalf of Plaintiff. Jason Bush, Senior Assistant County Counsel,

appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

Plaintiff challenges the value of property identified as Account R991298 (subject

property) for the 2022-23 tax year. (Ptf's Compl at 1.) The subject property is a 5.44-acre

parcel, upon which sits a home and three metal outbuildings. (Ptf's Decl of Senders at 1.) For

the 2021-22 tax year, Defendant determined that the subject property's total real market value

ORDER ADOPTING TCR 36 TO 46, DENYING PLAINTIFF'S MOTION FOR DISCOVERY,
AND DENYING PLAINTIFF'S SUPPLEMENTAL MOTION FOR DISCOVERY
TC-MD 230056N                                                                          1

(RMV) was $3,322,150, with $2,732,150 attributed to the outbuildings. (*Id.*) Plaintiff appealed the 2021-22 assessment to the Board of Property Tax Appeals (BOPTA). (*Id.* at 2.) Defendant's appraiser, Volokitin, prepared a report for BOPTA, including an analysis of costs and comparable sales, and testified on behalf of Defendant. (*Id.*) Plaintiff made no improvements to the subject between the 2021-22 and 2022-23 tax years. (Ptf's Decl of Senders at 2-3.) Defendant determined the subject property's total 2022-23 RMV was $6,648,510, with $6,107,970 attributed to the improvements. (Ptf's Compl at 2.) Plaintiff appealed the 2022-23 assessment to BOPTA. (*Id.* at 2.) Volokitin prepared a report for the BOPTA hearing and testified on behalf of Defendant. (*Id.*)

Plaintiff seeks to depose Volokitin, so it may "learn why the [RMV] attributable to the three outbuildings more than doubled after plaintiff challenged the 2021 assessment." (Mot at 1; Decl of Senders at 2-3.) Additionally, Plaintiff seeks for the 2022-23 year: (1) documents that Defendant relied upon to prepare the cost analysis in the report submitted to BOPTA; (2) documents that Defendant relied upon to determine the subject property's improvements value in the report submitted to BOPTA; and (3) documents that Defendant relied upon to determine the subject property's land value in the report submitted to BOPTA.[1] (Ptf's Supp Mot at 4 (Ex 3).)

## II. ANALYSIS

The issues presented are whether to grant (1) Plaintiff's Motion, allowing the deposition of Defendant's appraiser Volokitin; and (2) Plaintiff's Supplemental Motion, compelling production of certain documents relied upon by Volokitin to prepare his 2022-23 BOPTA report. Defendant opposes Plaintiff's requests because Plaintiff's deposition request seeks impermissible

---

[1] Plaintiff also requested Defendant produce the appraisal card for the subject property for tax year 2022-23. (Ptf's Supp Mot at 6 (Ex 3).) Defendant does not object to this request.

expert discovery and Plaintiff's documents request seeks privileged information. (*See* Def's Resp at 2; Def's 2d Resp at 2.)

A.      *Applicable Discovery Rules*

Tax Court Rule-Magistrate Division (TCR-MD) 9 requires parties to "make available for copying any relevant documents requested in writing by another party." The Magistrate Division Rules do not provide express guidance regarding the circumstances under which depositions are appropriate in the Magistrate Division. However, the preface to the Magistrate Division Rules provides that the magistrate may look to the Regular Division Rules as a guide to the extent relevant. More specifically, TCR-MD 9 A provides that the Regular Division discovery rules "TCR 36 through TCR 46 will apply only when the court so orders."

As a threshold matter during the oral argument held August 8, 2023, Defendant requested the court issue an order adopting the Regular Division discovery rules; Plaintiff did not object to that request. Accordingly, the court adopts TCR 36 through 46. Both TCR 36 A and Oregon Rule of Civil Procedure (ORCP) 36 A expressly authorize various discovery methods, including depositions upon oral examination and the production of documents. Although the ORCPs do not strictly apply in this court, "many Tax Court Rules (TCR) reflect provisions of the ORCP * * * [and t]o the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR." Preface to Regular Division Rules.

B.      *Expert Discovery*

"[I]n a civil action, a party has no obligation to disclose information to another party in advance of trial unless the rules of civil procedure or some other source of law requires the

disclosure." *Stevens v. Czerniak*, 336 Or 392, 400, 84 P3d 140 (2004).[2]  Whereas the federal rules of civil procedure allow expert discovery, the Oregon legislature made a policy choice to omit that authorization from ORCP 36; thus, expert discovery is not permitted "in civil actions in state courts."  *Id.* at 403-04.[3]

Notwithstanding the general prohibition on expert discovery, an expert who is a "fact witness" may be deposed under ORCP 36 B.  *Gwin v. Lynn*, 344 Or 65, 67, 176 P3d 1249 (2008).  The court explained

> "a witness may be both an expert witness and a fact witness and, therefore, may be deposed concerning facts that pertain to the witness's direct involvement in or observation of the relevant events that are personally known to the witness and that were not gathered primarily for the purpose of rendering an expert opinion."

*Id*.  In a subsequent case, the court applied this rule, looking to a distinction in the federal rules between "participating experts who are actors in the action[,]" and "nonparticipating experts who acquire or develop facts or opinions in anticipation of litigation or for trial[.]"  *Ransom v. Radiology Specialists of the Northwest*, 363 Or 552, 564, 425 P3d 412 (2018).  Both types of witnesses have expert qualifications--that is not the important distinction.  *See id.* at 566.  Rather, the question is how and why the expert acquired or developed the relevant facts and opinions. *See id.* at 566-67.[4]

/ / /

---

[2] The Magistrate Division's exhibit exchange rules require that all exhibits, including appraisal reports be exchanged 10 or 14 days in advance of trial.  *See* TCR-MD 12 C.

[3] Oregon Evidence Code (OEC) 702 (2021) defines an expert as one whose "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

[4] In *Ransom*, the court allowed the plaintiff to depose radiologists who were involved in the plaintiff's treatment about that treatment, including what the radiologists could see in plaintiff's images.  363 Or at 567.  The plaintiff could *not* ask the radiologists about matters in which the radiologists did not participate.  *Id.*

C.      *Whether Plaintiff May Depose Volokitin as a Participating Expert*

Plaintiff argues that, even if Volokitin is deemed an expert--a point that Plaintiff does not concede--he "participated in assessing the property in 2021 and 2022[, and he] is therefore a participating expert[.]"  (Ptf's Memo at 3.)  Thus, Plaintiff should be permitted to ask him "about the assessment process, the documents relied upon in making the assessment, and the assumptions and facts in the BOPTA submissions."  (*Id.*)  Defendant disagrees, noting that Volokitin was "not directly involved nor in possession of any of the documents that would make him factually directly involved in the dispute."  (Def's 2d Resp at 3.)  Volokitin declared that he had "no independent factual knowledge" of the subject beyond "performing a walk-through * * * as part of the initial magistrate appeal" for the 2021-22 tax year.  (Def's Decl of Volokitin at 1.)  Although he requested cost information from Plaintiff, he never received any, so he estimated the value of the subject using Marshall and Swift cost factors.  (*See id.* at 1-2.)  At the time of making his BOPTA report, he was "aware that the BOPTA board decision could be appealed to magistrate court" and was "in regular contact with * * * county counsel * * *."  (*Id.* at 2.)

The parties do not dispute that the underlying event here is the original assessment of the subject property for the 2022-23 tax year.  Plaintiff takes the position that the appeal to BOPTA is also part of the underlying event, because Volokitin's testimony and report to BOPTA were used to support the original assessment.  The court disagrees that the BOPTA hearing is part of the assessment process.  BOPTA is, by definition, an *appeal*; it is not something that happens as a matter of course for every property.  *See Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 167, 339 P3d 428 (2014) ("A taxpayer who is dissatisfied with the county assessor's valuation may appeal the assessor's decision through four successive levels of review, each of which the statutes refer to as an 'appeal.'  The first level of review is * * * [to BOPTA].")  In

most cases, a BOPTA appeal is required before a taxpayer may appeal to this court. *See* ORS 305.275(3) (no appeal to this court if BOPTA appeal permitted).[5]

When a taxpayer appeals to BOPTA, the roll value is in dispute, the appeal process has begun, and opinions of value are developed and presented in connection with litigation. The report and testimony prepared by Volokitin for BOPTA were in anticipation of litigation, so Plaintiff may not question Volokitin about the assumptions he made in his BOPTA report.

Plaintiff indicates that it also wishes to ask Volokitin about the assessment process and the documents he relied upon to make the assessment. As noted, the assessment is the event at issue. Here, however, the line between the assessment and the subsequent appeal is blurred by the fact that Plaintiff appealed the prior tax year to this court and Volokitin formed an opinion of value as Defendant's expert witness in that litigation.[6] For instance, an appraiser's notes from a site inspection conducted in the ordinary course of setting tax roll values would likely be discoverable. Here, however, Volokitin inspected the subject property as part of the prior year appeal. (Def's Decl of Volokitin at 1.) His knowledge of the subject was gathered for the purpose of rendering his expert opinion in litigation; thus, his participation was not in the underlying event of the assessment for the 2022-23 tax year. Plaintiff has not identified any topics about which it could permissibly ask Volokitin during a deposition, so Plaintiff's Motion must be denied.

/ / /

/ / /

---

[5] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[6] Defendant addressed this point at oral argument, noting that the tax roll values are typically determined using mass appraisal techniques, not based upon appraisal reports. This case is somewhat unique because litigation was ongoing in this court during the time that Defendant determined the 2022-23 tax roll value.

D.      *Whether Plaintiff May Discover Volokitin's BOPTA Work Papers*

Plaintiff seeks an order compelling Defendant to produce certain documents that Volokitin relied upon to prepare his report to BOPTA for the 2022-23 tax year.  (Ptf's Supp Mot, Ex 3.)  In support of its request, Plaintiff cites the fact that the subject property's RMV doubled between two tax years.  (Ptf's Memo at 4.)  Defendant opposes the request as seeking privileged information, work product, or expert discovery.  (Def's 2d Resp at 2.)

TCR 36 B(1) allows parties to inquires into "any matter, not privileged, which is relevant to the claim or defense * * *."  That inquiry extends to requests for production of documents.  TCR 36 A.  However, a party may obtain documents "prepared in anticipation of litigation or for trial * * * only upon a showing that the party seeking discovery has substantial need of the materials * * * and is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  TCR 36 B(3).  The same wording appears in ORCP 36.

For similar reasons discussed above, the court declines to grant Plaintiff's request.  The documents requested are Volokitin's work papers to support his report to BOPTA, so they were prepared in anticipation of litigation.  *See, e.g., ODOT v. Winters*, 170 Or App 118, 132, 10 P3d 961 (2000) ("an appraisal report prepared in connection with actual or threatened condemnation litigation was privileged" whereas "an appraisal report that was not prepared in anticipation of condemnation litigation was not privileged").[7]  Thus, the documents are privileged.  By contrast, Defendant did not object to Plaintiff's request for the subject property's 2022-23 appraisal card,

---

[7] *Winters* referenced and applied precedent concerning appraisal reports.  In *Brink v. Multnomah County*, 224 Or 507, 517, 356 P2d 536 (1960), the Supreme Court held, in the context of a condemnation proceeding, that an appraisal report having been prepared at the time a lawsuit was threatened or already existed "was sufficient to bring the report [and testimony relating to it] within the [attorney-client] privilege."  *Cf. City of Portland v. Nudelman*, 45 Or App 425, 433, 608 P2d 1190 (1980) *rev den* 289 Or 275 (1980) (holding that, in the context of a condemnation proceeding, an appraisal report prepared "long before any steps toward preparing litigation were made" was not protected by the attorney-client privilege).

a document kept in the ordinary course of Defendant's annual assessment work. (*See* Ptf's Supp Mot at 1, Ex 3.)

Plaintiff argues that, even if Volokitin's BOPTA work papers are privileged, Defendant waived that privilege when it submitted Volokitin's report to BOPTA. (Memo at 2.) Generally, disclosure of information to an adverse party constitutes waiver of work product protection. *See Meyer v. Oregon Lottery*, 292 Or App 647, 672-73, 426 P3d 89 (2018) (citations and quotation marks omitted). However, disclosure of some protected documents does not expose the entire category of information to discovery: waiver of work product protection is document specific, not subject matter specific. *See Appleton Papers, Inc. v. E.P.A.*, 702 F3d 1018, 1025 (7th Cir 2012). Voluntary disclosure of privileged information generally waives the attorney-client privilege. *See* OEC 511. Even though Volokitin presented his report to BOPTA, that disclosure did not waive protection for the portions of his work file not presented to BOPTA or otherwise voluntarily disclosed.

Plaintiff has not identified any substantial need for the requested documents or undue hardship in obtaining them in some other way. *See* TCR 36 B(3). Generally, this exception applies to "factual work product" that is not otherwise obtainable without undue hardship, rather than "opinion work product," such as "mental impressions, conclusions, opinions, or legal theories * * *." *See Meyer*, 292 Or App at 671; *see also* TCR 36 B(3). For instance, a plaintiff was entitled to receive witness statements taken immediately after an accident because the plaintiff had been unable due to injury to take its own witness statements while memories were fresh. *Southern Pacific v. Bryson*, 254 Or 478, 480-81, 459 P2d 881 (1969) (decided under "good cause" standard in predecessor to ORCP 36 B(3)). Here, the court is not aware of any facts in Volokitin's work papers that Plaintiff cannot otherwise access. For instance, Volokitin

declared that he received no cost information for the subject and, instead, based his opinion on Marshall and Swift cost factors, a commercially-available estimator.

The court disagrees with Plaintiff that the significant increase in the subject property's value between the 2021-22 and 2022-23 tax years qualifies as a substantial need. Generally, each tax year stands alone. *See, e.g., Safley v. Jackson County Assessor*, TC-MD 091206C, 2010 WL 4923355 (Or Tax M Div, Dec 2, 2010). The court cannot order a change to one tax year based on a correction to another tax year. *Id*. This court hears each case *de novo*, or anew, and Plaintiff bears the burden of proof by a preponderance of the evidence. ORS 305.425(2); ORS 305.427. "It is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002). Defendant's Supplemental Motion must be denied.

### III. CONCLUSION

Upon careful consideration, the court concludes Plaintiff's motions seek impermissible expert discovery and privileged information. Now, therefore,

IT IS ORDERED that TCR 36 through 46 shall apply.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Discovery is denied.

IT IS FURTHER ORDERED that the Plaintiff's Supplemental Motion for Discovery is denied.

Dated this _____ day of September 2023.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on September 7, 2023.*